KAMPFE et al. v. REICHARD.

(Circuit Court, S. D. New York. January 2, 1901.)

1. PATENTS—INVENTION—DESIGN FOR RAZOR CASING
The Kampfe design patent, No. 27,032, for a safety razor casing, is void for lack of invention.

2. SAME—SAFETY RAZORS.
The Kampfe patent, No. 344,115, claim 9, for an improved tooth for a safety razor, having a longitudinal groove extending along its face, covers a useful invention, and is valid; also, held infringed.

3. SAME.
The Fuchs patent, No. 561,707, for improvements in safety razors, claim 1, if sustainable, must be limited to the precise structure described and shown. As so limited, held not infringed.

In Equity. Suit for infringement of patents. On final hearing.

Edwin H. Brown, for complainants.
W. C. Hauff, for defendant.

COXE, District Judge. This is an infringement suit based upon letters patent relating to safety razors. One of these, a design patent, No. 23,699, for a razor handle, was withdrawn at the hearing. Design patent, No. 27,032, for a safety razor casing, is so manifestly invalid that but a word is necessary. In former structures the handle was

screwed into a concavity in the casing. The design in question consists in substituting a projection for the former depression. It is simply an appertured knob or boss, the use of which would occur to any mechanic who knew enough to make a symmetrical joint between, the handle and the casing. There are, then, but two patents to be considered.

Letters patent, No. 344,115, were granted June 22, 1886, to the complainant, Richard Kampfe, for improvements in safety razors. The ninth claim only is involved. It is as follows: "(9) An improved tooth for a safety razor, having a longitudinal groove extending along its face." The claim sufficiently explains the character of the invention. The advantage asserted for the fluted or grooved teeth is that "many of the hairs which would otherwise be bent down by the bearing of the teeth upon them stand up in the grooves, and are more easily cut by the blade." This statement is corroborated by the testimony. It appears without contradiction that a safety razor thus constructed does better work, shaves closer, cleaner and more expeditiously than the razors which preceded it. It is a little thing, but it was never done before and it marks a distinct improvement in the art. Infringement, if not admitted, is not seriously disputed. In any event it is proved beyond a doubt. The conduct of the defendant has been so disingenuous in persistently pirating upon the complainants' business that the court is not inclined to adopt an unnecessarily strict construction in order to relieve him.

The other letters patent involved are No. 561,707, granted June 9, 1896, to Eugene J. Fuchs, for improvements in safety razors. The first claim only is involved. It is as follows:

"(1) In a safety razor, the combination with a casing, having a guard at its front, of a blade support, pivoted at its front edge to the front part of the casing to swing upward and outward, over the guard, so as to entirely open up the top of the casing and to give free access to the guard for cleaning the same, substantially as herein shown and described."

The advantages pointed out for the combination of the claim are that the razor is simple in construction and can be easily cleaned. In the specification the patentee says:

"On my improved razor the guard is rigid and always retains its position in relation to the casing."

It is obvious that this patent covers, at best, an exceedingly restricted invention, and, in view of the prior art, the limitations of the specification and the representations addressed to the commissioner of patents it must be limited, if sustained at all, to the precise structure described and shown. So construed the defendant does not infringe. In a letter addressed to the commissioner of patents, dated March 20, 1896, the patentee says:

"I am well aware that I am not the first to construct a safety razor in such a manner that the top of the case can be raised in such a manner as to give access to the interior of the casing. * * * In my razor the guard at all times remains fixed and the hinged top swings towards the front end and over the guard. * * * I must again call your attention to the very important fact that in my improved razor the guard is at all times a permanent and fixed feature, and is never shifted or moved."

In the defendant's razor the guard is not a permanent· and 'fixed feature, but swings with the hinged top.

It follows that the complainants are entitled to a decree upon the ninth claim· of patent, No. 344,115, but without costs.