WALKER COUNTY, ALA., v. FIDELITY & DEPOSIT CO. OF MARY-
LAND. (Circuit Court of Appeals, Fifth Circuit. May 28, 1901.) No. 982.
On Petition for Rehearing. For former opinion, see 107 Fed. 851. Before
PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In the opinion filed in this case we held that, on the facts
made by the record and evidence, the surety company was not entitled to a
credit for the sum of $1,917.48, amount of March collections returned April
4, 1898, and paid November 29, 1898, and alleged to have been paid with mon-
eys collected by Tax Collector Davis after the new bond was given. Wheth-
er, on another trial, on proof that, prior to the acceptance of the second bond,
Tax Collector Davis had parted with, appropriated, or embezzled the amount
of taxes collected by him in March, 1898, as shown by return made April 4,
1898, and upon further proof that the taxes collected by Tax Collector Davis
after the new bond went in force were applied by the county treasurer to the
payment of the return of April 4th, with knowledge as to the source from
which the same were obtained, and without the direction of Davis, the
surety company would be entitled to the credit in question, we express no
opinion. The petition for rehearing is denied.

---

KAMPFE et al. v. REICHARD et al. (Circuit Court, S. D. New York.
April 19, 1901.) Motion for Preliminary Injunction. Edwin H. Brown, for
the motion. W. C. Hauff, opposed.

LACOMBE, Circuit Judge. It is not thought that the additional patents
introduced on this motion change the record in any way from that which
was before Judge Coxe. See 105 Fed. 622. If the Leach device were in
the prior art, it would, perhaps, require some modification of the construc-
tion given to the patent in the prior suit; but Leach's application was filed
later than complainant's. Judge Coxe's construction of the patent will there-
fore be followed, and under it the modification of defendant's device now
complained of seems to be an infringement. Motion granted.